ELECTION OFFICE OF AMERICAN
SAMOA GOVERNMENT, Plaintiff

v.

TUIKA TUIKA, Jr., Defendant

High Court of American Samoa
Trial Division

CA No. 95-88

November 2, 1988

Before KRUSE, Chief Justice, AFUOLA, Associate
Judge, and TUIAFONO, Associate Judge.

Counsel: For Plaintiff, Caroline B. Crenna,
Assistant Attorney General and Enere
Levi, Assistant Attorney General
Defendant Tuika Tuika, Jr., pro se

This matter came on regularly the 2nd day of
November, 1988, for hearing defendant Tuika Tuika's
counterclaim filed herein against the election
office.

Counterclaimant's pleadings essentially
reveal a complaint against the Election Office's
maintenance of the general register of voters. The

1

quarrel concerns the manner of registering voters, alleging the Election Office's efforts as falling short of sufficient screening as to eligibility; the admission to the register of alleged ineligible voters who have supposedly voted outside American Samoa, or who have switched voting districts without regard to the requirements of residency.

These complaints concern elector qualifications for which remedial administrative measures have been carefully and deliberately provided in A.S.C.A. §§ 6.0101 et seq. With these enactments, the legislative design is to secure the orderly registration of those qualified to vote and to facilitate the conduct of the territory's election proceedings. As opposed to the relatively time consuming and oft cumbersome road to the courts, the Fono has here provided also for an effective and speedy method for administrative relief in case of disputes with registration.

Section 6.0223 details the manner in which a qualified elector may challenge before an election officer the correctness of the register or the district lists prior to election and during election day. Section 6.0224 provides for appeal to the Board of Registration from adverse decisions of the election officer. Paragraph (b) of this enactment requires the Board of Registration to also sit on election day and continue to sit until all appeals have been handled. It is only subsequent to exhausting administrative relief, §§ 6.0230 et seq., or after the elections themselves, § 6.0223 (d), that judicial review comes into the statutory scheme. It is significant to note in this context that pending the finality of a challenge proceeding, both the challenger's and the challengee's rights are secured. Sections 6.0233 and 6.0223 allow for the challengee to vote but that his vote shall be secured and dealt with in accordance with any final decision. This statutory flexibility preempts the need for any judicial inventiveness at first instance, while on the other hand guaranteeing judicial review of any challenge administratively denied.

We find that in the circumstances counterclaimant's resort to court is premature and that he should first exhaust all his administrative remedies. We invoke our discretion accordingly

pursuant to A.S.C.A. § 43.1102 and refuse to make a declaration.

One further aspect of the counterclaim that remains to be considered and that is the allegation that there is improper monitoring of absentee ballots and the lack of proper records kept by the Election Office. We are unable to frame relief without becoming involved in a continuing supervisory role with the electoral process. We similarly exercise discretion and refuse to make a declaration. Any defects with the results of the elections that may arise through managerial ineptness may be properly cured in an election contest.

For the foregoing reasons, the motion for dismissal by the Election Office is granted.

It is so Ordered.